

U.S. Department of Justice

Criminal Division

*1400 New York Avenue, NW*
*Washington, DC 20005*

June 27, 2024

**Via ECF**

Honorable Claire C. Cecchi
United States District Court
District of New Jersey
Martin Luther King Building &
    United States Courthouse
50 Walnut Street, Courtroom 5B
Newark, New Jersey 07101

Re: *United States v. Jeyakumar Nadarajah,* **Case No. 23-cr-891 (D.N.J.)**

The United States, by and through undersigned counsel, submits this letter brief in accord with the Court's Order (ECF No. 44) in advance of the hearing scheduled for July 18, 2024. Mr. Burck's representation of Citadel Securities LLC ("Citadel") and Defendant Nadarajah creates a potential conflict of interest. The United States respectfully submits that such a conflict is waivable by the Defendant at a *Curcio* hearing.

**I.    Background**

The Indictment in this case charges the Defendant for spoofing and includes counts of wire fraud (18 U.S.C. § 1343), securities fraud (15 U.S.C. §§ 78j(b) & 78ff), and securities price manipulation (15 U.S.C. §§ 78i(a)(2) & 78ff). (Indict., ECF No. 1.) An aspect of the allegations involves the Defendant deceiving and defrauding other participants in the U.S. Treasuries market, including "counterparties," to benefit his own trades in U.S. Treasuries. (Indict. ¶¶ 1, 22–23.) One such counterparty was Citadel. The United States anticipates calling a witness from Citadel who is expected to testify about how, among other things, the Defendant's alleged spoof orders induced Citadel to trade with the Defendant in U.S. Treasuries.

Mr. Burck has represented Citadel in at least one other matter involving allegations that Citadel engaged in spoofing. That matter is *NW Biotherapeutics, Inc. v. Canaccord Genuity LLC, et al.*, 22-cv-10185-GHW-GS (S.D.N.Y.), which remains pending. The Defendant, through his counsel, has represented that he is aware of the potential conflict, which he seeks to waive to remain represented by Mr. Burck.

**II.    Applicable Law[1]**

"[W]hile a criminal defendant has an absolute right under the Sixth Amendment to be represented by an attorney who has no conflict of interest, the effect of the Sixth Amendment guarantee is to grant a right, not to impose an obligation." *United States v. Curcio*, 680 F.2d 881, 885 (2d Cir. 1982) (citations omitted). Defendants also enjoy the right to be represented by counsel of one's choice. *United States v. Moscony*, 927 F.2d 742, 750 (3d Cir. 1991). Thus, "the Supreme Court has ruled that the Sixth Amendment grants a right which the defendant may, 'if he knows what he is doing and his choice is made with eyes open,' waive. Stating that 'what were contrived as protections for the accused should not be turned into fetters,' the Court recognized that to forbid

---

[1] In its Consent Motion for a *Curcio* Hearing (ECF No. 39), the United States included additional legal authority that it reincorporates, rather than repeating, here.

the waiver of a protected right would be to 'imprison a man in his privileges and call it the Constitution.'" *Curcio*, 680 F.2d at 885 (quoting *Adams v. United States*, 317 U.S. 268, 278, 280 (1942)).

"In considering whether an actual or potential conflict exists, the Court is guided by an additional set of rights stemming not from the Sixth Amendment but from ethical precepts that govern the legal procession— the Code of Professional Responsibility that regulates attorney conduct." *United States v. Vega*, 18-cr-224, 2019 WL 291166, at *2 (D.N.J. Jan. 22, 2019) (cleaned up).[2] "Even where an actual conflict exists, however, a defendant may waive this conflict and elect to have the attorney continue representation, so long as that waiver is knowing, intelligent, and voluntary." *United States v. Fawkes*, 510 F. App'x 183, 187 (3d Cir. 2013) (quotations and citation omitted). "Although a district court need not accept a defendant's proffered waiver, [the Third Circuit] give[s] substantial deference to district courts in making this decision." *Id.*

Concurrent conflicts of interest under Rule 1.7(a) are waivable if the implicated attorney can comply with Rule 1.7(b), which states:

> (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if: (1) each affected client gives informed consent, confirmed in writing, after full disclosure and consultation, . . . ; (2) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client; (3) the representation is not prohibited by law; and (4) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal.

N.J. R. Prof'l Conduct 1.7(b). In considering whether to accept a defendant's wavier of attorney conflict, a court must consider:

> (1) the court's institutional interest in protecting the truth-seeking function of the proceedings; (2) the defendant's right to effective assistance of counsel, regardless of the proffered waiver; (3) protection of attorney-client communications, and the candor between counsel and client such protection engenders; (4) promotion of respect for the court in general through enforcement of ethical rules; and (5) protection of a fairly rendered verdict from trial tactics designed to generate issues for appeal.

*United States v. Hawkins*, 04-cr-370-05, 2004 WL 2102017, at *4 (E.D. Pa. 2004) (cleaned up).

Although a defendant may waive a potential conflict of interest, there are situations in which courts have concluded that certain types of conflicts are so severe, they are unwaivable or prohibited by law. *See, e.g.*, *United States v. Schwarz*, 283 F.3d 91, 108–109 (2nd Cir. 2002) ("An actual or potential conflict cannot be waived if in the circumstances of the case, the conflict is of such a serious nature that no rational defendant would knowingly and intelligently desire that attorney's representation.").[3]

---

[2] Concurrent conflicts of interest are explained in New Jersey Rule of Professional Conduct 1.7(a), which states in relevant part: "Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if: (1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer." N.J. R. Prof'l Conduct 1.7(a).

[3] "Several Third Circuit cases have addressed the issue of when an attorney's so-called 'divided loyalties' between a current client who is a defendant in a criminal trial and a former client serving as a prosecution witness

**III.     Discussion**

Mr. Burck's simultaneous representation of both Citadel and Defendant Nadarajah creates a potential conflict of interest that Defendant Nadarajah may waive if Mr. Burck can comply with the provisions of Rule 1.7(b). *See, e.g.*, *Fawkes*, 510 F. App'x at 187 (affirming district court's acceptance of defendant's waiver under abuse of discretion standard). The Court should perform a full exploration of the relevant facts and circumstances at the upcoming *Curcio* hearing. A suggested colloquy is attached as Exhibit A. Assuming Mr. Burck can satisfy Rule 1.7(b), the Court should allow the waiver.

There is no apparent reason in the current record to conclude that the potential conflict at issue is unwaivable or "belong[s] to that narrow category of conflicts that . . . [are] *per se* violations of the Sixth Amendment right to counsel . . . ." *Schwarz*, 283 F.3d at 96. For example, there is nothing to suggest that "no rational defendant would knowingly and intelligently desire that attorney's representation." *Id.* at 95. Unlike many of the cases affirming disqualification, the parties here do not dispute this potential conflict is waivable on the current record. *Cf. supra* n.3. Furthermore, this case does not present the potential concerns of concurrent representation within the same matter at issue in many of those cases. *See id.*

Of the cases in this Circuit, this case appears most akin to *Hawkins*, where the court denied the government's motion to disqualify and accepted waiver for counsel representing both the defendant and a government witness. 2004 WL 2102017, at *1. The court did so, even though counsel had previously represented the government witness during grand jury proceedings in that matter, because the role of that witness in the trial did not create a conflict substantial enough to overcome the defendant's Sixth Amendment right to be represented by the counsel of his choice. *Id.* at *1, 8. Here, Mr. Burck did not even represent Citadel in connection with this matter, let alone before this Grand Jury, and the United States expects the Citadel witness to be one of multiple victim-witnesses to testify at trial.

Thus, the United States respectfully submits that this potential conflict appears waivable, which the Court should confirm at the upcoming hearing.

---

create a conflict of interest. A review of such cases indicates that district court's decisions on disqualification are highly fact-driven." *United States v. Lebed*, 05-cr-362-01, 2005 WL 1971877, at *3 (E.D. Pa. Aug. 12, 2005) (collecting cases); *see also Moscony*, 927 F.2d at 748 (affirming grant of government motion to disqualify law firm due to representation of defendant, his co-conspirator, and several potential witnesses); *United States v. Stewart*, 185 F.3d 112, 119 (3d Cir. 1999) (affirming grant of government motion to disqualify of counsel where same firm had represented defendant and government witnesses from criminal trial together in a parallel civil trial); *United States v. Roland*, 12-cr-298, 2016 WL 820951, at *4 (D.N.J. Mar. 1, 2016) (granting government motion to disqualify counsel who concurrently represented defendant and confidential witness cooperating with and testifying for the government); *United States v. Reeves*, 11-cr-520, 2011 WL 6028000, at *5 (D.N.J. Dec. 2, 2011) (granting government motion to disqualify defense counsel where counsel "represented three defendants and four potential trial witnesses prior to representing" the defendant); *Vega*, 2019 WL 291166, at *1 (granting government motion to disqualify defendant's counsel where he previously represented an unindicted co-conspirator potential government witness). Notably, these cases generally arise in the context of the government moving to disqualify counsel over the defendant's objections.

Respectfully submitted,

GLENN S. LEON
CHIEF, FRAUD SECTION

By:

*/s/ John J. Liolos*
Scott Armstrong, Assistant Chief
John J. Liolos, Trial Attorney
U.S. Department of Justice
Criminal Division, Fraud Section

**Certificate of Service**

I hereby certify that on June 27, 2024, I will cause the foregoing letter brief to be electronically filed with the Clerk of the Court using the CM/ECF system, which will provide copies to counsel for all parties.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 27, 2024

*/s/ John J. Liolos*

John J. Liolos, Trial Attorney
U.S. Department of Justice
Criminal Division, Fraud Section