# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

_____
:
UNITED STATES OF AMERICA          :
                                                                : Hon. Claire C. Cecchi
:
v.                                :  No. 23-CR-00891
:
:
JEYAKUMAR NADARAJAH                :
:
        Defendant.            :
_____:

## United States' Response to Defendant's Notice of *Ex Parte* Filing

The Defendant's notice of an *ex parte* application for early-return Rule 17(c) trial subpoenas (ECF No. 63) raises three issues:

1.     Whether the Defendant is entitled to proceed *ex parte*;

2.     Whether the Defendant meets the "strict standard" to obtain subpoenas under *United States v. Nixon*, 418 U.S. 683 (1974); and

3.     Whether the Defendant should be allowed to maintain the secrecy of the documents until trial, as he requests, or both parties should have access to the materials as provided in Rule 17(c).

The United States does not have the benefit of the Defendant's application, which is necessary to definitively answer several of these questions. Without the aid of the adversarial process, the United States respectfully submits that the Court should scrutinize the propriety of the Defendant's application and proposed subpoenas in light

of certain well-worn legal principles included below. In short, respectfully, the Court should:

1. Consider whether *ex parte* Rule 17(c) applications are permissible at all and, if so, whether the Defendant meets his burden to demonstrate this is the rare exceptional circumstance fit for this disfavored procedure;

2. Scrutinize whether the Defendant meets his burden to satisfy the strict test set forth in *United States v. Nixon*; and

3. If the subpoenas are proper, permit both parties' access to any returns, not only the Defendant's, as provided for in the text of Rule 17(c).

## I. *Ex parte* applications are disfavored, rare, and exceptional.

"Rule 17(c) does not provide that a defendant is entitled to proceed *ex parte*." *United States v. Hankton*, No. 12-cr-1, 2014 WL 3385126, at *1 (E.D. La. July 9, 2014). Accordingly, courts have prohibited *ex parte* applications for Rule 17(c) subpoenas regardless of the circumstances. *See id.*; *United States v. Urlacher*, 135 F.R.D. 550, 555 (W.D.N.Y. 1991) (holding *ex parte* Rule 17(c) applications are impermissible under the text of the rule and the public's First Amendment right of access to criminal proceedings).

Courts that consider permitting *ex parte* subpoena applications explain that it is only "the rare situation in which the disfavored *ex parte* process should be allowed." *United States v. Fulton*, No. 13-cr-261, 2013 WL 4609502, at *2 (D.N.J. Aug. 29, 2013) (denying defendant's request to proceed *ex parte* where defendant failed to meet

burden). One "exceptional circumstance" courts have recognized is where a defendant "is unable to make the required showing under *Nixon* without revealing trial strategy . . . ." *United States v. Khaimov*, No. 18-cr-462, 2023 WL 2744062, at *1 (D.N.J. Mar. 31, 2023).

As the cases and text of the Rule demonstrate, *ex parte* applications under Rule 17(c) may not be permitted at all. Should the Court entertain this "disfavored" process, the Defendant must satisfy his burden to demonstrate with particularity this instance presents the "rare" case where "exceptional" circumstances justify disfavored *ex parte* proceedings. *See, e.g.*, *Fulton*, 2013 WL 4609502, at *2. The United States is not in a position to provide such assessment and respectfully defers to the Court's sound judgement.

## II. Rule 17(c) subpoenas must meet the "strict" *Nixon* standard.

"Rule 17(c) was not intended to provide an additional means of discovery." *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). Rather, Rule 17 subpoenas are for the limited purpose of procuring *evidence* that will be introduced at trial. *See, e.g.*, *Nixon*, 418 U.S. at 698–99. To ensure Rule 17 subpoenas are used only for appropriate purposes, they must meet the "strict standard" set by the Supreme Court of the United States in *Nixon*:

  (1) the documents sought must be evidentiary and relevant;

  (2) the materials are not otherwise procurable in advance of trial by the exercise of due diligence;

    (3)    the party seeking documents cannot properly prepare for trial without such production and inspection in advance of trial and the failure to obtain such inspection may tend unreasonably to delay the trial; and

    (4)    the application is made in good faith and is not intended as a general fishing expedition.

418 U.S. at 699–700.

To show that the documents are "evidentiary and relevant," *Nixon* held that the party requesting the subpoena "must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." *Nixon*, 418 U.S. at 700. In making such a showing, "the requesting party must show the evidentiary nature of the requested materials with appropriate specificity and do more than speculate about the relevancy of the materials being sought." *United States v. Onyenso*, No. 12-cr-602, 2013 WL 5322651, at *1 (D.N.J. Sept. 20, 2013) (Cecchi, J.) (granting motion to quash Rule 17(c) subpoena where defendant did not meet burden under *Nixon*) (internal quotations and citation omitted). Courts have an independent obligation to "assess each subpoena for compliance with the *Nixon* factors." *United States v. Richardson*, No. 13-cr-86, 2014 WL 6475344, at *2 (E.D. La. Nov. 18, 2014) (citing *Bowman Dairy*, 341 U.S. at 221 ("The burden is on the court to see that the subpoena is good in its entirety and it is not upon the [subpoenaed party] to cull the good from the bad.")).

As this Court knows, "[i]t is well settled that Rule 17(c) subpoenas may not be used merely as a means for obtaining discovery in criminal cases." *Onyenso*, 2013 WL 5322651, at *1. "Courts must be careful that [R]ule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in [Rule] 16." *United States v. Cuthbertson*, 630 F.2d 139, 146 (3d Cir. 1980); *see also Bowman Dairy*, 341 U.S. at 220 ("It was not intended by Rule 16 to give a limited right of discovery and then by Rule 17 to give a right of discovery in the broadest terms. . . . Rule 17(c) was not intended to provide an additional means of discovery."). "Thus, although a defendant's subpoena may be motivated only by the venerable principle of 'nothing ventured, nothing gained,' more is needed to sustain a subpoena than the defendant's own subjective belief (i.e., hope) that he or she may find something useful by casting a subpoena upon the waters." *United States v. Eisenhart*, 43 F. App'x 500, 505 (3d Cir. 2002) (holding district court did not abuse discretion in quashing subpoena that did not target relevant evidence).

Subpoenas seeking pre-trial discovery of material otherwise governed by the Jencks Act, *Brady v. Maryland*, 273 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), are routinely quashed. *See, e.g.*, *Nixon*, 418 U.S. at 701 ("Generally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial."); *United States v. Cuthbertson*, 651 F.2d 189, 195 (3d Cir. 1981) (finding Rule 17 subpoena not available to obtain hearsay evidence that could only be used for impeachment); *see also United States v. Hughes*, 895 F.2d 1135, 1145–46 (6th Cir. 1990)

5

(finding improper a Rule 17(c) subpoena to a third party for impeachment material); *United States v. Fields*, 663 F.2d 880, 881 (9th Cir. 1981) (finding improper a Rule 17 subpoena to obtain impeachment material). Indeed, "it is clear that Rule 17(c) subpoenas may not be used to uncover materials sought solely for impeachment purposes." *Onyenso*, 2013 WL 5322651, at *2.

Further, the text of Rule 17(h) is clear: "[n]o party may subpoena a statement of a witness or of a prospective witness under this rule." Rule 17(h); *see also United States v. Benanti*, No. 15-cr-177, 2017 WL 78734, at *3 (E.D. Tenn. Jan. 6, 2017) (denying request for subpoena for telephone recordings under Rule 17(h)); *United States v. Phoenix*, No. 14-cr-00318, 2015 WL 6094882, at *3 (N.D. Cal. Oct. 16, 2015) (finding Rule 17(h) disallows subpoenas to obtain witness statements from non-parties); *United States v. Yudong Zhu*, No. 13-cr-761, 2014 WL 5366107, at *3 n.3 (S.D.N.Y. Oct. 14, 2014) (rejecting defendant's argument that Rule 17(h) only applies to witness statements the United States has).

Thus, the scope of materials available under Rule 17(c) subpoenas is extremely limited and the Rule does not authorize broad discovery requests to uncover information potentially helpful to the defense. The United States is unable to respond substantively to the *ex parte* subpoena applications and leaves the application of the law to the Court's sound judgment.

The United States does note that, in a recent filing, the Defendant mentioned the possibility of issuing subpoenas to the United States' own potential trial witnesses.

(*See* ECF No. 66 at 3 ("issuance of any subpoenas to" potential witnesses of the United States).) This raises multiple concerns, given that: (i) the United States has already produced the discovery in its possession relevant to those witnesses and will continue to do so if more arises; (ii) the Rule's text itself prohibits subpoenaing the statements of prospective witnesses; and (iii) Rule 17(c) subpoenas may not be used to obtain impeachment material. *See Onyenso*, 2013 WL 5322651, at *2; *see also* Rule 17(c). If the United States' proposed witnesses are the subject of any of these subpoenas, the United States respectfully submits the Court should be particularly skeptical of those requests to ensure this does not result in an impermissible fishing expedition squarely prohibited by *Nixon* and Rule 17(c). *See Nixon*, 418 U.S. at 699–700.

### III. Any subpoena returns should be directed to the Court, not the Defendant, and both parties should be allowed to access the materials.

The text of Rule 17(c) specifically contemplates that returns from early-return trial subpoenas should be produced to the Court, not the Defendant, with access for both parties, as the rule states:

> The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Rule 17(c)(1). Thus, should the Court be persuaded that the Defendant passes the high burden of the *Nixon* factors for all or some of the subpoena demands, the Court should order the returns to the Court and permit both parties' access. Alternatively, if any returns are permitted to go to the defense, the Court should order the defense to

7

produce those returns to the United States promptly after receipt, for example, within five business days.

Here, there appear to be three degrees of *ex parte* proceedings in the Defendant's request. The Court should not permit all of them. First, the Defendant seeks to proceed *ex parte* in the application. Second, the Defendant seeks to proceed *ex parte* in the issuance of the subpoenas to undisclosed parties. Third, the Defendant seeks to proceed *ex parte* in the collection and review of any materials returned under the subpoenas. (*See* ECF No. 63 at 3, Proposed Order.) The Court should not bless the requested abdication of the adversarial process, putting aside the unknown merits of the subpoenas under *Nixon*.

The court in *Fulton* recognized such distinctions in denying that defendant's request to proceed *ex parte*, writing: "[Defendant] states that the nature of the requests may compromise defense strategy but fail[ed] to explain how providing the Government with notice of the materials to be produced pretrial or of the target of the Rule 17(c) subpoena will threaten to disclose that strategy to the Government." *Fulton*, 2013 WL 4609502, at *2. Thus, simply because a defendant may articulate the evidentiary basis for the subpoenas in the application, it does not follow that the subsequent steps, which do not involve revealing that articulated basis, should also proceed *ex parte*. The Court here should not allow it.

Beyond Rule 17(c), the Defendant has reciprocal discovery obligations under Rule 16. The United States requests its reciprocal discovery provided by Rule 16(b). If

8

the Defendant can satisfy *Nixon*'s requirement that the material sought is evidentiary and relevant, then it must be subject to the Defendant's Rule 16 discovery obligations and produced to the United States. *See* Fed. R. Crim. P. 16(b)(1)(A). There simply is not a legal basis for the Defendant to proceed *ex parte* in every aspect of this effort all the way through to trial. Respectfully, the Court should not allow this exceptional request to undermine the adversarial process.

## Conclusion

The United States respectfully submits that the Court should: (1) consider whether the Defendant's application presents the "rare" "exceptional" circumstance for disfavored *ex parte* proceeding or whether such proceeding is permitted at all; (2) scrutinize the proposed subpoenas for compliance with *Nixon*; and (3) permit both parties' access to any returns, whether directed to the Court or the defense. The United States welcomes the opportunity to submit additional briefing on these issues should more information become available.

Dated: July 17, 2024

        Respectfully submitted,

        GLENN S. LEON
        Chief, Fraud Section
        Criminal Division, Department of Justice

        */s/ John J. Liolos*
        Scott Armstrong, Assistant Chief
        John J. Liolos, Trial Attorney
        Fraud Section, Criminal Division
        United States Department of Justice
        1400 New York Ave. NW
        Washington, DC 20005
        Tel.: (202) 768-2246
        john.liolos@usdoj.gov

## Certificate of Service

I hereby certify that on July 17, 2024, I will cause the foregoing motion to be electronically filed with the Clerk of the Court using the CM/ECF system, which will provide copies to counsel for all parties.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 17, 2024

*/s/ John J. Liolos*
John J. Liolos, Trial Attorney
U.S. Department of Justice
Criminal Division, Fraud Section