

U.S. Department of Justice

Criminal Division

*1400 New York Avenue, NW*
*Washington, DC 20005*

October 16, 2024

**Via ECF**

Honorable Claire C. Cecchi
United States District Court
District of New Jersey
Martin Luther King Building &
 United States Courthouse
50 Walnut Street, Courtroom 5B
Newark, New Jersey 07101

      Re:    <u>United States v. Jeyakumar Nadarajah</u>, **Case No. 23-cr-891 (D.N.J.)**

Dear Judge Cecchi,

      The United States, by and through undersigned counsel, respectfully submits this notice of supplemental authority relevant to the Defendant's pending motions to dismiss (ECF Nos. 40–41).

      On August 14, 2024, the United States Court of Appeals for the Eleventh Circuit decided *United States v. Bell*, 112 F.4th 1318 (11th Cir.) (slip op. enclosed). *Bell* clarifies the Eleventh Circuit's opinion in *United States v. Takhalov*, 827 F.3d 1307 (11th Cir. 2016),[1] a case that the Defendant significantly relied on in support of his arguments to dismiss the fraud counts in the Indictment. (*See, e.g.*, ECF No. 40 at 14, 16, 18–19.) *Bell* undermines the Defendant's arguments and demonstrates why the Court should deny the Defendant's motions.

      In *Bell*, the Eleventh Circuit affirmed the defendants' wire fraud convictions for a scheme in which the defendants spread false rumors to increase demand for the Iraqi currency, the dinar, which the defendants were selling at prevailing exchange rates. 112 F.4th at 1327. The lies included false assurances about a supposedly imminent revaluation of the dinar that would cause the currency to significantly appreciate. *Id.* at 1328–29. The defendants challenged their wire fraud convictions, arguing "that because investors 'received exactly [the dinar] they paid for,' the prosecution's theory of fraud fails as a matter of law under *Takhalov*." *Id.* at 1332 (quotations and citation omitted). The court rejected that argument finding it "misunderstands [the court's] precedents." *Id.*

---

[1] In *Takhalov*, the Eleventh Circuit held that schemes to defraud are only "those schemes in which a defendant lies about the nature of the bargain itself," reversing wire fraud convictions in which purported victims were lured into a bar under false pretenses but received the drinks they paid for. 827 F.3d at 1313. The lies—the women who lured the patrons in did not disclose that they were paid by the bar to do so—were not about the bargain struck: the purchase of drinks at the bar. *Id.* The court emphasized, however, that prosecutable lies about the "nature of the bargain" can include both lies about "the price" as well as lies about "the characteristics of the good." *Id.* at 1313–14.

The court explained "[a] deception need not have a calculable price difference or result in a different tangible good or service being received to constitute fraud." *Id.* The court reasoned:

> A jury could reasonably have found that [defendants] deceived investors about a core attribute of the dinar: the odds of its appreciation. Investors were led to believe that their dinars would imminently skyrocket in value. That high probability of profit was an essential characteristic of the asset that investors thought they were purchasing. It was *the* reason many made the purchase.

*Id.* at 1333 (citation omitted). In short, "both fraud-in-the-factum and fraudulent inducement schemes fit squarely within the well-settled meaning of actionable fraud." *Id.* at 1334 (quotations omitted).

So too here. A core attribute of the U.S. Treasuries the Defendant's victims were induced to purchase or sell was their potential appreciation or depreciation, indicated by the then-present supply and demand in the market. But that supply and demand was illusory: it was purposefully distorted by the Defendant's spoof orders. Just like the victims in *Bell*, the victims here did not get what they paid for. And, just like in *Bell*, the scheme alleged in this Indictment is fraud. Accordingly, the Court should deny the Defendant's motions.

Respectfully submitted,

GLENN S. LEON
CHIEF, FRAUD SECTION

By:

  */s/ John J. Liolos*
John J. Liolos
Amanda Fretto Lingwood
Trial Attorneys
U.S. Department of Justice
Criminal Division, Fraud Section

cc: counsel of record via ECF

2