QUINN EMANUEL URQUHART & SULLIVAN LLP

William A. Burck
Stephen M. Hauss
1300 I Street NW, Suite 900
Washington, DC 20005
(202) 538-8000
williamburck@quinnemanuel.com
stephenhauss@quinnemanuel.com

Julia S. Choe
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
juliachoe@quinnemanuel.com

*Attorneys for Defendant
Jeyakumar Nadarajah*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : No. 23-CR-00891-CCC |
| v. | : Hon. Claire C. Cecchi |
| | : |
| JEYAKUMAR NADARAJAH | : |
| Defendant. | : |

**DEFENDANT'S UNOPPOSED MOTION FOR
MODIFICATION OF BAIL CONDITIONS**

Defendant Jeyakumar Nadarajah respectfully submits this unopposed motion for a modification to his conditions of pretrial release. *See* 18 U.S.C. § 3142(c)(3) (A court "may at any time amend the order to impose additional or different conditions of release."). Specifically, Mr. Nadarajah requests that his conditions of release, which currently allow him to travel to the

continental U.S. and certain portions of Canada, be expanded to allow him to travel within those countries writ large.[1] Mr. Nadarajah will provide advance notice of his travel to Pretrial Services for travel beyond the previously approved areas. Mr. Nadarajah's counsel has consulted with the government and Pretrial Services, both of whom do not oppose the requested modification under the conditions set forth below.

On November 8, 2023, Mr. Nadarajah was released on a secured bond of $500,000 and permitted to travel to New Jersey and the Southern, Eastern, and Western Districts of New York. (ECF No. 5). On January 4, 2024, pursuant to (1) an unopposed motion by Mr. Nadarajah, (2) Mr. Nadarajah's posting of an additional cash bond of $150,000 and secured bond of approximately $905,788.99, and (3) Mr. Nadarajah's execution of a full and irrevocable extradition waiver, the Court issued an order modifying Mr. Nadarajah's bail conditions and allowing him to reside in, and travel to, additional locations. Specifically, the January 4, 2024 Order allowed Mr. Nadarajah to temporarily reside in the greater Toronto area and travel to and from Canada and approved locations in the United States. (ECF No. 22). On March 19, 2024, the Court modified Mr. Nadarajah's travel restrictions so that he could travel to and from Southern Ontario and the continental United States until the beginning of his trial, with counsel holding Mr. Nadarajah's passports and accompanying him if he needed to use the passports for travel between the United States and Canada. (ECF No. 36 at 1(a), (c)). On July 1, 2024, the Court modified Mr. Nadarajah's conditions of release and permitted to him to trade certain shares and certificates of deposit. (ECF No. 60, at 1). Finally, on December 5, 2024, the Court modified Mr. Nadarajah's conditions to allow him to travel to the Bahamas for a short holiday trip in December 2024. (ECF No. 83).

---

[1] Specifically, Mr. Nadarajah would be permitted to travel within all 50 states, but not to U.S. territories such as Puerto Rico absent additional modification.

Mr. Nadarajah now requests permission to travel within the United States and Canada writ large. This is a modification of his prior conditions, which currently allow him to travel to and from Southern Ontario, as well as to the continental United States. (*See* ECF No. 36 at 1(a) (Mr. Nadarajah "shall be permitted to temporarily reside and travel within Southern Ontario, and travel to, from, and within the continental United States . . . [f]or travel to and from Canada, as well as any travel outside of New Jersey, New York, Pennsylvania, or the greater D.C. area, the Defendant shall provide written notice to Pretrial prior to departure")). Under the proposed modification, Mr. Nadarajah would provide written advance notice to Pretrial Services for any travel that is outside of Southern Ontario, New Jersey, New York, Pennsylvania, or the greater D.C. area, and his existing passport conditions would not change.

Mr. Nadarajah seeks this modification because he wishes to travel to other parts of Canada and the United States for work and family vacation purposes. For example, Mr. Nadarajah wishes to travel to Calgary, Canada, at the end of this month, to visit an investment property. Further, Mr. Nadarajah anticipates his family may go on vacations to locations such as Hawaii prior to trial in this matter. The requested modification would eliminate the need for Mr. Nadarajah to seek Court modification of the pre-trial conditions every time he wishes to travel.

The requested modifications are justified by Mr. Nadarajah's long history of compliance with his pre-trial conditions. Over the past year, Mr. Nadarajah has regularly traveled across the Canadian-U.S. border to meet with his attorneys as part of trial preparation, and has kept Pretrial Services regularly apprised of his travels. He has appeared for scheduled check-ins with his case officer as directed, communicated regularly with his counsel, and has maintained compliance with each of his other bail conditions, including by providing updates regarding his investment activity. Further, in December 2024, Mr. Nadarajah completed a Court-approved vacation with his wife to

the Bahamas, and returned his passports to counsel in accordance with the Court's order. This consistent track record of compliance supports the requested modifications. Further, this modification is consistent with other similar cases, in which defendants have been permitted to travel internationally to entire countries pending trial. *See, e.g.*, *U.S. v. Chanu*, No. 1-18-cr-00035, Dkt. 56 (N.D. Ill. 2018) (allowing defendant to travel to France and the United Arab Emirates pending trial); *U.S. v. Black*, No. 1:16-cr-00370-CM, Dkts. 30, 41 (S.D.N.Y. 2016) (allowing defendant to travel to the United Kingdom and New Zealand pending trial); *U.S. v. Conti*, No. 1:14-cr-00272-JSR, Dkt. 56 (S.D.N.Y. 2015) (allowing defendant to travel to the United Kingdom pending trial); *U.S. v. Allen*, No. 1:14-cr-00272-JSR, Dkts. 39, 44 at 15–17 (S.D.N.Y. 2015) (allowing defendant to travel to the United Kingdom and France pending trial).

    For the foregoing reasons, Mr. Nadarajah respectfully requests that the Court modify his bail conditions as requested. A proposed order, which is unopposed by the government, is included with this motion.

Dated:        January 21 , 2025

                                                                                       Respectfully submitted,

                                                         QUINN EMANUEL URQUHART &
                                                         SULLIVAN LLP

                                       By:    */s/ William A. Burck*
                                                 William A. Burck
                                                 1300 I Street NW Suite 900
                                                 Washington, D.C. 20005
                                                 212-849-7000
                                                 williamburck@quinnemanuel.com

**CERTIFICATE OF SERVICE**

I hereby certify pursuant to 28 U.S.C. § 1746 that on this date the annexed Unopposed Motion for Modification of Bail Conditions was filed via the CM/ECF system for the United States District Court for the District of New Jersey thereby effectuating service upon all counsel of record via electronic means.

I certify under the penalty of perjury that the foregoing is true and correct. Executed in New York, New York on this 21st day of January, 2025.

*/s/ William A. Burck*
William A. Burck
