**quinn emanuel** trial lawyers | washington, dc

1300 I Street NW, Suite 900, Washington, District of Columbia 20005-3314 | TEL (202) 538-8000 FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
**(202) 538-8120**

WRITER'S EMAIL ADDRESS
**williamburck@quinnemanuel.com**

April 16, 2025

**VIA ECF**

Honorable Claire C. Cecchi
United States District Court
District of New Jersey
Martin Luther King Building &
    United States Courthouse
50 Walnut Street, Courtroom 5B
Newark, New Jersey 07101

> Re:    United States' Letter Regarding Briefing Schedule (ECF No. 95)
>        <u>United States v. Jeyakumar Nadarajah</u>, No. 2:23-cr-891 (CCC) (D.N.J.)

   Defendant Jeyakumar "Jack" Nadarajah, by and through undersigned counsel, opposes the United States' request to set an overlong briefing schedule that would result in three pending motions not being ready for argument at the upcoming motions hearing scheduled for May 14, 2025. Specifically, Mr. Nadarajah requests that the Court set a deadline of **April 28, 2025** for (1) the government's opposition to Mr. Nadarajah's motion to dismiss Counts 10-16 of the indictment (ECF No. 92), (2) the government's opposition to Mr. Nadarajah's motion to compel disclosure of inculpatory information (ECF No. 93), and (3) the government's reply in support of its motion to exclude expert testimony (ECF No. 84). A deadline of **April 28** would give the government sufficient time to prepare its briefs—indeed, it would give the government *more* time than is typically afforded litigants in this District—and, such a deadline would ensure that all pending motions are ready for oral argument on May 14. Mr. Nadarajah also requests a corresponding reply deadline of **May 5, 2025** for Mr. Nadarajah's motions. The government's request for deadlines of May 9 and May 23, 2025 is not reasonable, necessary, or supported by good cause.

   First, under the typical briefing schedule in this District, a party has 10 calendar days to oppose a motion, and the proponent of the motion then has 7 calendar days to reply.[1] A deadline of April 28, 2025 would afford the government <u>17 days</u> to oppose Mr. Nadarajah's two motions filed on April 11 (to dismiss and to compel), and it would afford the government <u>28 days</u> to reply in support of its motion to exclude expert testimony. Thus, Mr. Nadarajah's proposed deadline would give the government *far more* time to oppose and reply than is typically afforded litigants, not less. Indeed, Mr.

---

[1] *See* 2025 Motion Day Calendar, *available at* https://www.njd.uscourts.gov/sites/njd/files/2025Motions.pdf.

Nadarajah filed his two new motions before the deadline elapsed for motions to be heard on the May 5, 2025 motion day (9 days prior to the May 14 hearing).[2]

Second, the government's discussion of the parties' extensive briefing on other pretrial motions is irrelevant to a determination of the proper briefing schedule for the three, discrete motions that are not yet ripe.  The other, prior pretrial motions set for oral argument on May 14 have been ripe for months, the final one having been fully briefed on November 12, 2024.  (*See* ECF No. 95 at 1.)

Third, the government's invocation of vague personal and professional commitments is insufficient to constitute good cause for setting an overlong briefing schedule.  *See Hutchins v. United Parcel Serv., Inc.*, 2005 WL 1793695, at *3 (July 26, 2005) ("The moving party must show that despite its diligence, it could not reasonably have met the scheduling order deadline.")  The government has not provided any details of these commitments, nor has it explained why the numerous experienced prosecutors who have entered appearances and/or are assigned to the case cannot meet the typical deadline for motions, let alone the extended deadline proposed by Mr. Nadarajah.

Fourth, the three motions that are not yet ripe concern discrete issues that do not require an extended briefing schedule.  Mr. Nadarajah's motion to dismiss Counts 10-16 involves a straightforward application of the securities manipulation statute, which—by its own terms—exempts the charged conduct from being a crime because it concerns U.S. Treasuries securities.  (*See* ECF No. 92.)  Indeed, Mr. Nadarajah suspects that the government ultimately will not even oppose the motion.  Mr. Nadarajah's motion to compel likewise hinges on a discrete issue: whether the government has withheld exculpatory information regarding its experts or whether the government is prepared to certify that none exists.  (*See* ECF No. 93.)  And finally, Mr. Nadarajah's opposition to the government's motion to exclude expert testimony addresses issues in the government's motion— issues with which the government is undoubtedly familiar and to which the government can timely reply.  (*See* ECF No. 84.)

Fifth, all pretrial motions can and should be heard together on May 14.  Sufficient time exists for the motions to be fully briefed and reviewed by the Court in advance of the hearing, and certain motions may be rendered moot, depending on the outcome of others.  For example, if the Court were to grant Mr. Nadarajah's April 11 motion to dismiss Counts 10-16 of the indictment, then Mr. Nadarajah's earlier motion to dismiss the securities manipulation counts would be rendered moot.  (*See* ECF No. 42.)  In addition, having all motions heard on May 14 would ensure that important pretrial matters are resolved far in advance of the November 5 trial date.

Sixth, and finally, the government's repeated mention of Mr. Nadarajah's "unanticipated filings" offers no basis for entering the overlong briefing schedule the government requests.  (ECF No. 95 at 1.)  Mr. Nadarajah's motion to dismiss is based on a plain reading of the statute—one under which Mr. Nadarajah's alleged actions cannot constitute a crime.  Whether the government anticipated that motion or not is irrelevant to the fact that Mr. Nadarajah should be heard promptly on this significant matter, which goes quite literally to the heart of whether he is innocent of the crimes charged.  The other two motions, one of which is a government motion, are likewise critical to trial preparation and should be heard promptly.

---

[2] *See id.* (setting a deadline of April 11, 2025 for the May 5, 2025 motion day).

-3-

     Mr. Nadarajah accordingly requests that the Court set a deadline of **April 28, 2025** for (1) the government's opposition to Mr. Nadarajah's motion to dismiss Counts 10-16 (ECF No. 92), (2) the government's opposition to Mr. Nadarajah's motion to compel (ECF No. 93), and (3) the government's reply in support of its motion to exclude expert testimony (ECF No. 84). Mr. Nadarajah's replies would be filed on **May 5, 2025.** Mr. Nadarajah further requests that all pending motions, including the three motions discussed above, be set for oral argument at the May 14, 2025 hearing.

                  Respectfully submitted,

                  */s/ William A. Burck*
                  William A. Burck
                  *Counsel for Defendant*
                  *Jeyakumar "Jack" Nadarajah*