# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES OF AMERICA | Hon. Claire C. Cecchi |
| v. | No. 23-CR-00891 |
| JEYAKUMAR NADARAJAH |  |
| Defendant. |  |

The United States of America, by and through undersigned counsel, respectfully moves this Honorable Court for an Order dismissing without prejudice Counts 10 through 16 of the Indictment returned in the above-captioned case, and in support of this motion avers as follows:

1. On November 7, 2023, a federal grand jury sitting in the District of New Jersey returned a sixteen-count Indictment at Criminal Number 23-891, charging Defendant Nadarajah with violating Title 18, United States Code, Section 1343, and Title 15 Sections 78j(b), 78i(a)(2) and 78ff. *See* ECF No. 1.

2. The government submits that it is in the interest of justice to seek leave of Court, under Federal Rule of Criminal Procedure 48(a), to dismiss without prejudice Counts 10 through 16 of the Indictment, which charge securities manipulation under Title 15, United States Code, Sections 78i(a)(2) and 78ff. *See id.*

3.  Fed. R. Crim. P. 48(a) provides that "[t]he government may, with leave of court, dismiss an indictment, information, or complaint." "Rule 48(a) covers the dismissal of counts of an indictment as well as the whole." *United States v. Brazel*, 102 F.3d 1120, 1142 n.10 (11th Cir. 1997). The Third Circuit has cited the Supreme Court's observation that, "'[w]hile [Rule 48(a)] obviously vest[s] some discretion in the court, . . . [t]he principal object of the 'leave of court' requirement is apparently to protect a defendant against prosecutorial harassment.'" *In re Richards*, 213 F.3d 773, 786 (3d Cir. 2000) (quoting *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977)). The Third Circuit has noted that "refusal to dismiss is appropriate only in the rarest of cases." *Id.* at 786.

4.  Dismissal under Rule 48(a) is presumed to be without prejudice. *See United States v. B.G.G.*, 53 F.4th 1353, 1363 (11th Cir. 2022); *United States v. Brown*, 425 F.3d 681, 682 (9th Cir. 2005). That is in part because dismissal with prejudice is considered "extraordinary relief," which is unwarranted here. *See United States v. Morrison*, 602 F.2d 529, 531, 533 (3d Cir. 1979), *rev'd on other grounds by United States v. Morrison*, 449 U.S. 361 (1981); *see also United States v. Jiang*, 214 F.3d 1099, 1101 (9th Cir. 2000) (under Rule 48(a), dismissal with prejudice is permitted only in "extreme circumstances" (quotations and citation omitted)). Courts are only permitted to deny a Rule 48(a) motion to dismiss without prejudice where doing so would be "clearly contrary to manifest public interest." *Richards*, 213 F.3d at 786 (quotations and citation omitted); *see also Rinaldi*, 434 U.S. at 30–31. To meet that test, a defendant must show prosecutorial bad faith, which cannot be done here. *See, e.g., United States v. Smith*, 55 F.3d 157, 159 (4th Cir. 1995) ("A

motion that is not motivated by bad faith is not clearly contrary to manifest public interest, and it must be granted."); *see also United States v. Sprofera*, 299 F.3d 725, 727 (8th Cir. 2002); *United States v. Reyes*, 102 F.3d 1361, 1367 (5th Cir. 1996) ("A court considering a Rule 48(a) motion to dismiss must begin with the presumption that the government acted in good faith."); *United States v. Olson*, 846 F.2d 1103, 1114 (7th Cir. 1988). Thus, the Court should grant the motion.

5.   An Order dismissing Counts 10 through 16 of the Indictment would render moot the Defendant's two motions to dismiss those Counts (ECF Nos. 42, 92), as well as the portion of another motion to dismiss that concerns those Counts (ECF No. 43).

6.   Such an Order should not affect Counts 1 through 9 of the Indictment, which should proceed to trial.

7.   The Defendant is not opposed to the dismissal of Counts 10 through 16 but believes the dismissal should be with prejudice.

WHEREFORE, the United States respectfully requests that this Honorable Court dismiss Counts 10 through 16 of the Indictment in this case without prejudice.

                                              LORINDA I. LARYEA
Acting Chief
Fraud Section, Criminal Division
U.S. Department of Justice

Dated: May 9, 2025        By:    */s/ John J. Liolos*

                                              John J. Liolos
Amanda F. Lingwood
Trial Attorneys
Fraud Section, Criminal Division
UNITED STATES DEPARTMENT OF JUSTICE
1400 New York Avenue, NW
Washington, DC 20005
John.Liolos@usdoj.gov
(202) 768-2246

## **CERTIFICATE OF SERVICE**

I hereby certify that, on May 9, 2025, a true and correct copy of the foregoing was served on all parties through the CM/ECF system.

                By:    /s/ *John J. Liolos*

                      John J. Liolos
                      Trial Attorney
                      Fraud Section, Criminal Division
                      UNITED STATES DEPARTMENT OF JUSTICE
                      1400 New York Avenue, NW
                      Washington, DC 20005
                      John.Liolos@usdoj.gov
                      (202) 768-2246