**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 2:23-cr-891 (CCC) |
| v. | Honorable Claire C. Cecchi |
| JEYAKUMAR NADARAJAH, | Motion Date: June 12, 2025 |
| Defendant. | |

---

### DEFENDANT'S RESPONSE IN PARTIAL OPPOSITION TO THE GOVERNMENT'S MOTION TO DISMISS COUNTS TEN THROUGH SIXTEEN OF THE INDICTMENT PURSUANT TO RULE 48(A) (ECF NO. 100)

---

William A. Burck
Stephen M. Hauss
**QUINN EMANUEL URQUHART**
**& SULLIVAN, LLP**
1300 I Street NW, Suite 900
Washington, DC 20005
(202) 538-8000
williamburck@quinnemanuel.com
stephenhauss@quinnemanuel.com

Julia S. Choe
**QUINN EMANUEL URQUHART**
**& SULLIVAN, LLP**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
juliachoe@quinnemanuel.com

*Counsel for Defendant*
*Jeyakumar "Jack" Nadarajah*

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

**PRELIMINARY STATEMENT** ..............................................................................1

**DISCUSSION** ......................................................................................................1

**I.    BACKGROUND**..........................................................................................1

    A.    The Indictment and the Securities Manipulation Charges (Counts 10–16) ............1

    B.    Mr. Nadarajah's Motion to Dismiss the Securities Manipulation Charges ............2

    C.    The Parties' Correspondence .................................................................2

    D.    The Government's Motion to Dismiss Under Rule 48(a) .........................................3

    E.    The Tyler Forbes Information and Plea .................................................................3

**II.   LEGAL STANDARD** ................................................................................4

    A.    Rule 48(a) of the Federal Rules of Criminal Procedure ..............................4

    B.    Dismissals with Prejudice Under Rule 48(a) ............................................6

        1.    Bad Faith ...............................................................................7

        2.    Contrary to Public Interest or Prosecutorial Harassment.............................8

        3.    Vague Justification for Dismissal .................................................8

**III.  ARGUMENT** ..............................................................................................8

    A.    The Parties Agree That Counts 10–16 Must be Dismissed. ....................................8

    B.    Counts 10–16 Must be Dismissed With Prejudice Because the Government Has Acted (a) in Bad Faith, (b) Against the Public Interest, and (c) In a Manner That Threatens Further Harassment of Mr. Nadarajah. .........9

    C.    The Court Should Conduct a Hearing on June 12 to Determine the Basis for the Government's Motion to Dismiss Without Prejudice. ..............16

**CONCLUSION** ...................................................................................................17

## **TABLE OF AUTHORITIES**

**Page**

**Cases**

*In re Richards*,
213 F.3d 773 (3d Cir. 2000) ................................................. *passim*

*Rinaldi v. United States*,
434 U.S. 22 (1977) .................................................................5

*United States v. Adams*,
24-CR-556 (DEH), 2025 WL 978572 (S.D.N.Y April 2, 2025) ........................... 4, 5, 6, 11, 16

*United States v. Ammidown*,
497 F.2d 615 (D.C. Cir. 1973) ...............................................4

*United States v. Derr*,
726 F.2d 617 (10th Cir. 1984) ...............................................4

*United States v. DiMattina*,
571 Fed. Appx. 50 (2d Cir. 2014) ...........................................9

*United States v. Erickson*,
Case No. 3:19-cr-0053-003, 2024 WL 81290 (D.V.I. Jan. 8, 2024) ....................7, 8

*United States v. Fields*,
475 F. Supp. 903 (D.D.C. 1979) ...........................................12

*United States v. Hall*,
Dkt. No. 234, No. 2:08-cr-215 (W.D. Pa. July 9, 2013) ....................10

*United States v. Hinestrosa*,
Case No. 99-00501-CR-HUCK/MCALILEY, 2010 WL 3522972 (S.D. Fla.
Aug. 12, 2010) ...............................................10

*United States v. Jiang*,
214 F.3d 1099 (9th Cir. 2000) ...............................................7

*United States v. Levin*,
973 F.2d 463 (6th Cir. 1992) ...............................................9

*United States v. Morrison*,
602 F.2d 529 (3d Cir. 1979) ...............................................6, 7

*United States v. Pitts*,
331 F.R.D. 199 (D.D.C. 2019) ...............................................7, 12

*United States v. Rayapureddy*,
Dkt No. 295, No. 2:22-cr-285 (W.D. Pa. Jan. 27, 2024) ....................10

*United States v. Reyes-Romano*,
327 F. Supp. 3d 855 (W.D. Pa. 2018) ...............................................15

*United States v. Rossoff*,
806 F. Supp. 200 (C.D. Ill. 1992) ...............................................8, 12

*United States v. Slater*,
  Dkt. No. 62, No. 2:18-cr-467 (E.D. Pa. June 2, 2022) ............................................... 10

*United States v. Swetz*,
  Case No. 2:17-cr-00181-APG-CWH, 2019 WL 545005 (D. Nev. Jan. 2,
  2019), *report and recommendation approved*, 2019 WL 539022 (D. Nev. Feb.
  11, 2019) ..................................................................................................................... 9

*United States v. Wecht*,
  Criminal No. 06-0026, 2008 WL 65605 ........................................................... *passim*

## **Statutes**

15 U.S.C. § 78c(a)(12) ............................................................................................... 2

15 U.S.C. § 78c(a)(42) ............................................................................................... 2

15 U.S.C. § 78i(a) ...................................................................................................... 2

15 U.S.C. § 78i(a)(2) .......................................................................................... *passim*

15 U.S.C. § 78i(g) ...................................................................................................... 2

## **Other Authorities**

Fed. R. Crim. P. 12(b)(3)(B)(v) ................................................................................ 2

Fed. R. Crim. P. 48(a) ........................................................................................ *passim*

Fed. R. Crim. P. 48(b) ............................................................................................... 7

## PRELIMINARY STATEMENT

Counts 10–16 of the Indictment must be dismissed <u>with prejudice</u>.  These counts charge conduct that is not, and can never be, criminal under U.S. federal law because the underlying conduct involves U.S. Treasury securities, which are expressly exempt under the relevant statute (15 U.S.C. § 78i(a)(2)).

Instead of responding to Mr. Nadarajah's Motion to Dismiss Counts 10–16 for Failure to State a Claim, the Government defaulted—literally filing nothing—and in so doing failed to address whether it had, in fact, charged Mr. Nadarajah with violations that were not federal crimes.

In lieu of a response, the Government instead chose to file a motion to dismiss under Rule 48(a) of the Federal Rules of Criminal Procedure.  In its motion, the Government stated simply that dismissal was "in the interest of justice" and asked—inexplicably—for the dismissal to be entered without prejudice, which would allow the Government to re-file the exact same charges against Mr. Nadarajah.  No explanation was given about why dismissal was warranted or why the dismissal, in the Government's view, should be entered without prejudice.

In the end, it appears that the Government is trying to avoid publicly admitting that it mischarged Counts 10–16.  The Court should not countenance this attempt, but rather should dismiss Counts 10–16 of the Indictment with prejudice.  They are not crimes; they can never be crimes.  The Government's apparent attempt to save face by not acknowledging its charging error is unfortunate and constitutes bad faith.

## DISCUSSION

### I.    BACKGROUND

#### A.    The Indictment and the Securities Manipulation Charges (Counts 10–16)

On November 7, 2023, Mr. Nadarajah was indicted by a Federal Grand Jury sitting in Newark for alleged conduct related to U.S. Treasury securities.  (ECF No. 1.)  Counts 10–16 of

the Indictment charge securities manipulation, in violation of 15 U.S.C. § 78i(a)(2).  (*Id.* ¶ 30.)

All of the alleged misconduct charged in the Indictment—including the conduct underpinning the Securities Manipulation violations charged in Counts 10–16—is premised on orders Mr. Nadarajah placed in various U.S. Treasury securities.  (*Id.*)  Specifically, each of the securities manipulation counts arises from an alleged "spoof" order, among a series of other alleged spoof orders, placed by Mr. Nadarajah in (a) five-year or (b) ten-year U.S. Treasury securities—i.e., Treasury notes.  (*Id.*)

### B.    Mr. Nadarajah's Motion to Dismiss the Securities Manipulation Charges

On April 11, 2025, Mr. Nadarajah moved to dismiss Counts 10–16 of the Indictment under Rule 12(b)(3)(B)(v) for "failure to state an offense" because the statute upon which Counts 10–16 are based—15 U.S.C. § 78i(a)(2)—expressly exempts from coverage "government securities" that are "direct obligations of . . . the United States" or "obligations guaranteed as to principal or interest by[] the United States" by operation of 15 U.S.C. § 78i(g), 15 U.S.C. § 78c(a)(12), and 15 U.S.C. § 78c(a)(42).  (*See* ECF No. 92).  In the motion, Mr. Nadarajah requested that any dismissal be entered with prejudice "because Counts 10–16 charge alleged violations of law that are not, and can never be, criminal under 15 U.S.C. § 78i(a)."  (ECF No. 92-1 at 14).

### C.    The Parties' Correspondence

On May 8, 2025, Government counsel emailed the defense, stating: "We intend to file a motion to dismiss Counts 10 through 16 of the Indictment without prejudice under Rule 48(a). Please confirm whether we can represent that you are unopposed." (Declaration of Julia S. Choe ("Choe Decl."), Ex. 1.)  The same day, the defense responded:

> We do not oppose the dismissal itself, but we believe any dismissal should be with prejudice.  Can you explain why you believe it should be without prejudice?  We would consider consenting to a dismissal without prejudice if the government is willing to represent that it will not re-charge Mr. Nadarajah with violations of 15 U.S.C. Section 78i(a)(2) based on U.S. Treasuries trading.

(*Id.*)  Government counsel did not respond.

### D.    The Government's Motion to Dismiss Under Rule 48(a)

The next day, on May 9, 2025, the Government filed a motion under Rule 48(a) requesting that this Court dismiss Counts 10–16 without prejudice.  (ECF No. 100.)  In support of its request, the government stated only that its requested dismissal was "in the interest of justice."  (ECF No. 100 at ¶ 2).  No further justification or explication was provided.

Notably, the Government elected not to file a response in opposition to Mr. Nadarajah's pending Motion to Dismiss for Failure to State an Offense, docketed at ECF No. 92.  As a result, the Government—to this day—has failed to state its position on the viability of Counts 10–16 as they relate to U.S. Treasury securities.

### E.    The Tyler Forbes Information and Plea

On April 14, 2022, a trader of a global financial institution, Tyler Forbes, was charged and pleaded guilty in the Eastern District of New York to one count of violating 15 U.S.C. § 78i(a)(2) based on "an unlawful 'spoofing' strategy to manipulate the price of U.S. Treasury securities."[1] (Choe Decl., Ex. 2 ¶ 3).  The case was prosecuted by the U.S. Justice Department's Criminal Division, Fraud Section—the same DOJ office responsible for initiating charges against Mr. Nadarajah and the only DOJ office ever to have charged criminal violations of 15 U.S.C. § 78i(a)(2) based on U.S. Treasury securities.  On August 2, 2022, Forbes was sentenced to time served, two years supervised release, the payment of a $15,000 criminal fine and $100 special assessment.  (Choe Decl., Ex. 3).

---

[1]    Mr. Forbes pleaded guilty before a magistrate judge on April 14, 2022; his guilty plea was later accepted by the district court at sentencing on August 2, 2022.

## II.    LEGAL STANDARD

### A.    Rule 48(a) of the Federal Rules of Criminal Procedure

Rule 48(a) of the Federal Rules of Criminal Procedure provides, in relevant part, that the "government may, with leave of court, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a).  However, "Rule 48(a) requires more of a court than to 'serve merely as a rubber stamp for the prosecutor's decision.'" *United States v. Adams*, 24-CR-556 (DEH), 2025 WL 978572, at *14 (S.D.N.Y April 2, 2025) (citing *United States v. Ammidown*, 497 F.2d 615, 622 (D.C. Cir. 1973)).

"Rule 48(a) requires that the government set forth the basis for its motion to dismiss." *Adams*, 2025 WL 978572 at *15; *see also United States v. Wecht*, Criminal No. 06-0026, 2008 WL 65605 at *4–5 (W.D. Pa. Jan. 4, 2008) ("To effectuate Rule 48(a), 'the trial court at the very least must know the prosecutor's reasons for seeking to dismiss the indictment and the facts underlying the prosecutor's decision' . . . [and, therefore a prosecutor] is required to provide sufficient reasons to the district court that amount to more than a mere conclusion.") (*citing United States v. Derr*, 726 F.2d 617, 619 (10th Cir. 1984)). "As a matter of procedure, 'the court will not be content with a mere conclusory statement by the prosecutor that dismissal is [warranted], but will require a statement of reasons and underlying factual basis.'" *Adams*, 2025 WL 978572 at *15 (citing *Ammidown*, 497 F.2d at 620).

"Accordingly, to gain the Court's favorable discretion [under Rule 48(a)], it should be satisfied that the reasons advanced for the proposed dismissal are substantial and the real grounds upon which the application is based." *Adams*, 2025 WL 978572 at *15 (internal quotations omitted).  "The reason for requiring the government to state its actual reasons for seeking dismissal [under Rule 48(a)] is simple: Since the court must exercise sound judicial discretion in considering a request for dismissal, it must have sufficient factual information supporting the

recommendation." *Id*. at *16 (internal quotations omitted). "Put another way, a district court abuses its discretion if it does not articulate its reasons for granting or denying leave [under Rule 48(a)], and it cannot discharge its duties properly unless the underlying motion accurately states the government's reasons for dismissal." *Id*. "If the government fails to provide sufficient reasons [to support a Rule 48(a) dismissal], a district court may conduct a hearing to determine the reasons behind its decision." *Wecht*, 2008 WL 65605 at *5 (*citing In re Richards*, 213 F.3d 773, 788–89 (3d Cir. 2000)).

The Third Circuit has spoken clearly on this issue. "A judge who hears a Rule 48(a) motion has independent responsibilities that may bear on his or her decision on the requested dismissal." *In re Richards*, 213 F.3d at 788. And "the public has a generalized interest in the processes through which prosecutors make decisions about whom to prosecute that a court can serve by inquiring into the reasons for the requested dismissal." *Id*. at 789. "While this interest cannot rise to the substantive ability to compel a prosecution to proceed, it does argue in favor of allowing a court to force prosecutors to publicly reveal their reasons for not proceeding before granting a requested dismissal." *Id*; *see also United States v. Galloway*, Criminal No. 2012-020, 2013 WL 4712042, at *2 (D.V.I. August 30, 2013) ("By inquiring into the Government's reasons for dismissal, courts can ensure that judicial processes are not being abused.").

Moreover, "there are independent rights, interests, and duties that a court may protect through using Rule 48(a) as a sunshine provision that exposes the reasons for prosecutorial decisions." *In re Richards*, 213 F.3d at 788 (internal citations and quotations omitted). "[O]ne such right is that of the defendant to not be harassed by repeated prosecutions that are dismissed before jeopardy attaches." *Id*; *see also Rinaldi v. United States*, 434 U.S. 22, 29 & n.15 (1977) ("The principal object of the 'leave of court' requirement is apparently to protect a defendant

against prosecutorial harassment, e.g., charging, dismissing, and recharging, when the government moves to dismiss an indictment over the defendant's objection.").

### B.    Dismissals with Prejudice Under Rule 48(a)

Under Rule 48(a), "a court retains discretion to determine whether dismissal should be with or without prejudice." *Adams*, 2025 WL 978572 at *20. "Rule 48(a) dismissals are customarily granted without prejudice, thus permitting the government to reindict the defendant within the statute of limitations." *Galloway*, 2013 WL 4712042 at *1. "But if appropriate in light of the purposes of Rule 48(a), a court can grant the motion on the condition that dismissal be *with prejudice*—ensuring that the charges, once dropped, cannot be resurrected." *Adams*, 2025 WL 978572 at *20. As the *Adams* court stated: "[n]umerous district courts have dismissed prosecutions with prejudice, even when the government seeks dismissal without it, to protect defendants from the unwarranted or inappropriate threat of re-indictment." *Id*. & n.33 (collecting cases—including three from the Third Circuit—where courts have dismissed indictments with prejudice under Rule 48(a) even where the government had moved to dismiss under Rule 48(a) without prejudice).

Courts may dismiss an indictment, with prejudice, under Rule 48(a) in a variety of circumstances, including where (a) the Government acted in bad faith, (b) a dismissal without prejudice is contrary to the public interest or is necessary to protect a defendant against prosecutorial harassment, and (c) the Government offers a vague reason for its motion to dismiss an indictment without prejudice.[2]  Ultimately, however, the "decision regarding a dismissal with

---

[2]    The Government misstates the law and improperly cites three cases in its motion to dismiss under Rule 48(a).  First, the Government cites *United States v. Morrison*, 602 F.2d 529, 531, 533 (3d Cir. 1979) for the proposition that a motion to dismiss with prejudice is considered "extraordinary relief" under Rule 48(a).  (ECF No. 100 at ¶ 4.)  In *Morrison*, the defendant filed a motion to dismiss the indictment with prejudice based on a violation of the Sixth Amendment. *Morrison*, 602 F.2d 529 at 530.  The court ultimately dismissed the indictment with prejudice based on the Government's constitutional violation, which was based on a "deliberate attempt to destroy the attorney-client relationship and to subvert the defendant's right to effective assistance

prejudice depends upon the purpose sought to be achieved by the government and its effect on the accused." *United States v. Pitts*, 331 F.R.D. 199, 205 (D.D.C. 2019) (internal quotations omitted).

      1.  <u>Bad Faith</u>

First, a court may enter a dismissal with prejudice when the prosecutor has acted in bad faith. *See generally United States v. Erickson*, Case No. 3:19-cr-0053-003, 2024 WL 81290, at *5 (D.V.I. Jan. 8, 2024). In assessing whether a dismissal should be with or without prejudice under Rule 48(a), a court "must begin with the presumption that the government acted in good faith." *Id*. "While the government is entitled to a presumption of good faith when seeking to dismiss an indictment, a criminal defendant can rebut the good faith presumption by showing that the prosecution has sought dismissal in bad faith." *Id*. (internal quotations omitted). "If the defendant

---

of counsel and a fair trial." *Id*. at 533. The case <u>did not</u> address dismissal with prejudice under Rule 48(a). Second, the Government cites *United States v. Jiang*, 214 F.3d 1099, 1101 (9th Cir. 2000) for the proposition that "under Rule 48(a), dismissal with prejudice is permitted only in 'extreme circumstances.'" (ECF No. 100 at ¶ 4.) However, as the Ninth Circuit noted on the first page of its decision, "the district court denied the government's motion for a continuance and dismissed the indictments with prejudice under Rule 48(b)" based on delay, expressly stating that "a <u>Rule 48(b)</u> dismissal should be imposed only in extreme circumstances." *Jiang*, 214 F.3d at 1101 (emphasis added). The *Jiang* court never addressed or analyzed a dismissal with prejudice under Rule 48(a). Finally, the Government cites *In re Richards*, 213 F.3d 773, 786 (3d Cir. 2000) for the proposition that "Courts are <u>only</u> permitted to deny a Rule 48(a) motion to dismiss without prejudice where doing so would be 'clearly contrary to manifest public interest.'" (ECF No. 100 at ¶ 4 (emphasis added).) The *Richards* court said no such thing. Instead, the *Richards* court was clear that it "need not, however, engage the full expanse of Rule 48(a) in this case" and stated simply that Rule 48(a) "has also been held to permit the court to deny a Government dismissal motion to which the defendant has consented if the motion is prompted by considerations clearly contrary to the public interest." *Id*. at 786.

Even by the Government's standards—"extraordinary relief," "extreme circumstances," and "clearly contrary to the manifest public interest"—Counts 10–16 should be dismissed with prejudice because, of course, the charged conduct involving U.S. Treasury securities can never constitute a crime under 15 U.S.C. § 78i(a)(2). That the Government misquoted and miscited three separate cases for the prevailing "dismissal with prejudice" standard under Rule 48(a) cannot be an accident. The only reasonable inference is that the Government was hoping that this Court would summarily dismiss Counts 10–16, without prejudice, and in the process fail to conduct a critical analysis of the underlying basis for the requested dismissal.

successfully rebuts the good faith presumption, the court may deny the government's motion and dismiss the indictment with prejudice." *Id*.

### 2.    Contrary to Public Interest or Prosecutorial Harassment

Second, a court also is "authorized to dismiss with prejudice [under Rule 48(a)] where it finds that dismissal without prejudice is contrary to the public interest or is necessary to protect a defendant against prosecutorial harassment of the sort Rule 48(a) is designed to prevent, e.g. charging, dismissing, and recharging on dismissed counts when the defendant objects to dismissal of an indictment without prejudice." *Wecht*, 2008 WL 65605 at *6; *see also In re Richards*, 213 F.3d at 788 ("[O]ne such right [a court may protect in consideration of a Rule 48(a) motion] is that of the defendant to not be harassed by repeated prosecutions that are dismissed before jeopardy attaches."); *Erickson*, 2024 WL 81290 at *15 ("[A] district court maintains a duty to protect criminal defendants from harassment and maintain the integrity of the judicial system."); *Galloway*, 2013 WL 4712042 at *2 ("Rule 48(a)'s principal purpose is to protect criminal defendants from prosecutorial harassment—the danger that a prosecutor will engage in a cycle of levying and dismissing charges against a particular defendant.") (internal quotations omitted).

### 3.    Vague Justification for Dismissal

Third, "[i]f the court finds that the Government has offered a vague reason for its motion to dismiss an indictment without prejudice, it may dismiss the indictment with prejudice." *United States v. Rossoff*, 806 F. Supp. 200, 202 (C.D. Ill. 1992).

## III.    ARGUMENT

### A.    The Parties Agree That Counts 10–16 Must be Dismissed.

The parties agree, and there is no dispute, that Counts 10–16 should be dismissed.  (ECF No. 92) ("Defendant's Motion to Dismiss Counts 10–16 Based on Failure to State a Claim); (ECF

No. 100) (Government's Motion to Dismiss Counts 10–16 under Rule 48(a)).  The only issue

before this Court is whether the Court's dismissal should be entered with, or without, prejudice.

      **B.**      **Counts 10–16 Must be Dismissed With Prejudice Because the Government Has Acted (a) in Bad Faith, (b) Against the Public Interest, and (c) In a Manner That Threatens Further Harassment of Mr. Nadarajah.**

Counts 10–16 must be dismissed with prejudice because the Government has acted in bad

faith, against the public interest, and in a manner that threatens further prosecutorial harassment of

Mr. Nadarajah.  This is undeniably true for the following reasons:

*First*, and as a threshold matter, Counts 10–16 charge conduct that can never—under any

circumstances or set of facts—be criminal.  *See, e.g.*, *United States v. Levin,* 973 F.2d 463, 469

(6th Cir. 1992) (affirming dismissal with prejudice where "government was, as a matter of law,

incapable of proving beyond a reasonable doubt the requisite intent required to convict"); *United

States v. Garcia*, Criminal No. 17-cr-00358-CMA-1, 2023 WL 2691603, at *4 (D. Colo. Mar. 29,

2023), *appeal dismissed*, 2023 WL 7284264 (10th Cir. July 11, 2023) (dismissing with prejudice

two counts of an indictment where government failed to state an offense); *United States v. Swetz*,

Case No. 2:17-cr-00181-APG-CWH, 2019 WL 545005, at *4 (D. Nev. Jan. 2, 2019), *report and

recommendation approved*, 2019 WL 539022 (D. Nev. Feb. 11, 2019) (dismissing with prejudice

three counts of an indictment where counts were barred by statute of limitations).

The defense expressly briefed this point in its Motion to Dismiss Counts 10–16 for Failure

to State an Offense and, in addition, expressly briefed why the dismissal must be with prejudice.

(*See* ECF No. 92 at 7–14).  The Government well knows—at least at this late stage in the case—

that Counts 10–16 are not viable.

We note that, in situations where the Government learns of information that severely

undermines an indictment's charges, other Government offices routinely—and consistent with the

best traditions of the office—dismiss the relevant charges with prejudice.  *See United States v.*

*DiMattina*, 571 Fed. Appx. 50 (2d Cir. 2014) (remanding to District Court—at the Government's request—where defendant argued that his conviction for extortion under the Hobbs Act was invalid as a matter of law and the Government sought "to dismiss the indictment with prejudice under Rule 48(a)"); *United States v. Slater*, Dkt. No. 62, No. 2:18-cr-467 (E.D. Pa. June 2, 2022) (seeking dismissal of charges for theft of government money and false statements with prejudice after "the government obtained information that counsels against proceeding with this case"); *cf. United States v. Rayapureddy*, Dkt No. 295, No. 2:22-cr-285, (W.D. Pa. Jan. 27, 2024) (Department of Justice Criminal Division, Fraud Section seeking dismissal of conspiracy and securities fraud charges with prejudice); *United States v. Hall*, Dkt. No. 234, No. 2:08-cr-215 (W.D. Pa. July 9, 2013) (seeking dismissal of firearm possession-related charges with prejudice following unfavorable ruling on motions in limine and court's request for briefing on expiration of Speedy Trial days).

**Second**, the Government failed to file a response in opposition to Mr. Nadarajah's Motion to Dismiss Counts 10–16 for Failure to State an Offense.  The Government's failure to file any responsive paper addressing the viability of Counts 10–16 is problematic for at least two reasons. In the first instance, and as a matter of procedure, the Government has defaulted and, for that reason alone, an order dismissing the counts with prejudice, as requested by Mr. Nadarajah in the first instance, is warranted.  *United States v. Hinestrosa*, Case No. 99-00501-CR-HUCK/MCALILEY, 2010 WL 3522972, at *2 (S.D. Fla. Aug. 12, 2010) ("The government did not file a response, and the district court granted the [defendant's] motion, finding that the motion could be granted by default given the government's failure to respond, and should be granted on the merits because 'the motion is well founded on the merits . . .'").

Moreover, the Government's failure to address the merits of Counts 10–16 by filing a response functions as a tacit admission that the securities manipulation violations charged in Counts 10–16 are, and never were, appropriate. The Government cannot duck its problematic and embarrassing charging error by failing to respond to Mr. Nadarajah's motion to dismiss and, in so doing, ignoring the plain reality that the Government charged criminal offenses that, based on the facts of this case, are not—and never can be—criminal under federal law.

*Third*, the Government failed to articulate any substantive basis for dismissal in its Rule 48(a) motion to dismiss Counts 10–16, (*see* ECF No. 100), as the law requires. *Adams*, 2025 WL 978572 at *15 ("Rule 48(a) requires that the government set forth the basis for its motion to dismiss."); *United States v. Wecht*, 2008 WL 65605 at *4–5 ("To effectuate Rule 48(a), 'the trial court at the very least must know the prosecutor's reasons for seeking to dismiss the indictment and the facts underlying the prosecutor's decision' . . . [and, therefore a prosecutor] is required to provide sufficient reasons to the district court that amount to more than a mere conclusion.") (internal citations omitted).

Instead, the Government stated, in its motion and in conclusory fashion, simply that dismissal is "in the interest of justice." (ECF No. 100 at ¶ 2). This is plainly insufficient. *Adams*, 2025 WL 978572 at *15-16 ("As a matter of procedure, 'the court will not be content with a mere conclusory statement by the prosecutor that dismissal is [warranted], but will require a statement of reasons and underlying factual basis.' . . . The reason for requiring the government to state its actual reasons for seeking dismissal [under Rule 48(a)] is simple: 'Since the court must exercise sound judicial discretion in considering a request for dismissal, it must have sufficient factual information supporting the recommendation.' . . . Put another way, a district court abuses its discretion if it does not articulate its reasons for granting or denying leave [under Rule 48(a)], and

it cannot discharge its duties properly unless the underlying motion accurately states the government's reasons for dismissal.") (internal citations omitted).

Courts have been clear that this type of conclusory statement is insufficient because it (a) deprives the Court of its critical oversight function and (b) fails to inform the public of what conduct is, and is not, violative of federal law. *See In re Richards*, 213 F.3d at 788–89 ("A judge who hears a Rule 48(a) motion has independent responsibilities that may bear on his or her decision on the requested dismissal . . . [and] the public has a generalized interest in the processes through which prosecutors make decisions about whom to prosecute that a court can serve by inquiring into the reasons for a requested dismissal. . . . While this interest cannot rise to the substantive ability to compel a prosecution to proceed, it does argue in favor of allowing a court to force prosecutors to publicly reveal their reasons for not proceeding before granting a requested dismissal.") (internal citations omitted).

The Government's vague, "interest of justice" justification for its requested dismissal under Rule 48(a) alone justifies a dismissal with prejudice. *United States v. Rossoff*, 806 F. Supp. 200, 202 (C.D. Ill. 1992) ("If the court finds that the Government has offered a vague reason for its motion to dismiss an indictment without prejudice, it may dismiss the indictment with prejudice.").

**Fourth**, a dismissal without prejudice would potentially subject Mr. Nadarajah to re-prosecution for charges that are not, and never can be, criminal. This is inappropriate and constitutes prosecutorial harassment. *Pitts*, 331 F.R.D. at 204 ("[T]he government finds itself dissatisfied with the state of its case, through no fault of the defendant, and has moved to dismiss the case without prejudice with hopes to salvage the prosecution . . . . However, dismissing a case without prejudice only to bring charges when the case is in a better posture for the government is precisely the type of strategic use of Rule 48 that the D.C. Circuit has proscribed.") (internal

citations omitted); *United States v. Fields*, 475 F. Supp. 903, 907 (D.D.C. 1979) ("It follows that the original indictment, having been brought improperly, was subject to dismissal with prejudice. Dismissal [with prejudice] of such an indictment is the only appropriate sanction to protect a defendant from the practice of charging, dismissing without having placed a defendant in jeopardy, and commencing another prosecution at a different time or place deemed more favorable to the prosecution.") (internal quotations omitted); *see also In re Richards*, 213 F.3d at 788 ("[O]ne such right [a court may protect in consideration of a Rule 48(a) motion] is that of the defendant to not be harassed by repeated prosecutions that are dismissed before jeopardy attaches."); *Galloway*, 2013 WL 4712042 at *2 ("Rule 48(a)'s principal purpose is to protect criminal defendants from prosecutorial harassment—the danger that a prosecutor will engage in a cycle of levying and dismissing charges against a particular defendant.") (internal quotations omitted); *Wecht*, 2008 WL 65605 at *6 (stating that a court is "authorized to dismiss *with* prejudice [under Rule 48(a)] where it finds that dismissal without prejudice is contrary to the public interest or is necessary to protect a defendant against prosecutorial harassment of the sort Rule 48(a) is designed to prevent, e.g. charging, dismissing, and recharging on dismissed counts when the defendant objects to dismissal of an indictment without prejudice").

***Fifth and finally***, the record strongly suggests that the Government may have a bad faith motive for refusing to acknowledge that the Securities Manipulation statute does not encompass U.S. Treasury securities. Nearly all of the members of the defense team are former prosecutors; this possibility is not raised lightly. We do so only because the record seems to compel no other conclusion. The uncontroverted facts make clear that the government is loath to publicly acknowledge its charging error and concede that Counts 10–16—the securities manipulation charges—do not extend to conduct involving U.S. Treasury securities. The true motives behind

13

the government's position are, at this stage, known only to the prosecution team.  Public embarrassment, professional consequences, or implications for other charged and sentenced defendants are among the potential reasons behind the government's inexplicable refusal to dismiss with prejudice the plainly non-criminal charges contained in Counts 10–16.

We note for this Court only the following:

- **May 8, 2025**:  Government counsel emailed the defense, stating: "We intend to file a motion to dismiss Counts 10 through 16 of the Indictment without prejudice under Rule 48(a).  Please confirm whether we can represent that you are unopposed." (Choe Decl., Ex. 1.)  The same day, the defense responded:  "We do not oppose the dismissal itself, but we believe any dismissal should be with prejudice.  Can you explain why you believe it should be without prejudice?  We would consider consenting to a dismissal without prejudice if the government is willing to represent that it will not re-charge Mr. Nadarajah with violations of 15 U.S.C. Section 78i(a)(2) based on U.S. Treasuries trading." (*Id.*)

- **May 8, 2025**:  Government counsel did not respond to the defense's email.  In failing to respond, Government counsel failed to provide the defense any rationale for its proposed dismissal without prejudice.  (*Id.* ¶ 3.)  Nor did government counsel affirm that it would not re-charge Mr. Nadarajah with securities manipulation under 15 U.S.C. § 78i(a)(2) based on conduct involving U.S. Treasury securities even though any future charges could never properly be re-instituted.  (*See id.*)

- **May 9, 2025**:  The next day, the government filed a motion under Rule 48(a) requesting that this Court dismiss Counts 10–16 without prejudice.  (ECF No. 100.)  In support of its request for dismissal without prejudice, the government stated only that its requested dismissal was "in the interest of justice." (ECF No. 100 at ¶ 2).  No further justification or explication was provided, as the law requires.  In its motion, the Government miscited three cases which, taken together, suggested to this Court that the Court was required to dismiss Counts 10–16 under Rule 48(a) without further analysis or scrutiny. (*See supra*, Footnote 2).

- **May 9, 2025**:  The government failed to file a response in opposition to Mr. Nadarajah's Motion to Dismiss Counts 10–16 for Failure to State a Claim.  By failing to respond to Mr. Nadarajah's motion to dismiss, the Government relieved itself of publicly acknowledging its gross charging error and making clear—for Mr. Nadarajah and the public—the Justice Department's unmistakable conclusion that Counts 10–16 of the Indictment were not viable criminal charges.  As a result, the Government—to this day—has failed to state its position on the viability of Counts 10–16 as they relate to U.S. Treasury securities.

- **Defendant Forbes**.  We note for this Court that, on April 14, 2022, a trader of a global financial institution, Tyler Forbes, was charged and pleaded guilty in the Eastern District of New York to one count of violating 15 U.S.C. § 78i(a)(2) based on "an unlawful

'spoofing' strategy to manipulate the price of U.S. Treasury securities"—the very same scheme and charges underpinning Counts 10–16 of the Indictment charging Mr. Nadarajah. (Choe Decl., Ex. 2 ¶ 3). The case was prosecuted by the U.S. Justice Department's Criminal Division, Fraud Section—the very same DOJ office responsible for initiating charges against Mr. Nadarajah and the only DOJ office ever to have charged criminal violations of 15 U.S.C. § 78i(a)(2) based on U.S. Treasury securities. On August 2, 2022, Forbes was sentenced to time served, two years supervised release, the payment of a $15,000 criminal fine, and $100 special assessment. (Choe Decl., Ex. 3).

- **Notice to Defendant Forbes**. The Government should confirm whether it has informed Defendant Forbes that his plea and corresponding sentence were based on a criminal charge that is not legally viable, thus rendering Defendant Forbes's conviction invalid.

If the government's rationale behind (a) failing to file a response in opposition to Mr. Nadarajah's Motion to Dismiss Counts 10–16 of the Indictment and (b) filing a motion to dismiss under Rule 48(a), without prejudice, that itself fails to articulate why Counts 10–16 should be dismissed was to hide, conceal, or otherwise shield the Government's unmistakable charging error from Defendant Forbes to allow his conviction to stand, such conduct would shock the conscience.

If the Government, as of the date of this filing, (a) privately has determined—as it must— that securities manipulation under 15 U.S.C. § 78i(a)(2) based on U.S. Treasury securities can never be criminal and (b) failed to inform Defendant Forbes of this basic fact, there can be no conclusion other than manifest, inexcusable, and reprehensible bad faith. *See United States v. Reyes-Romano*, 327 F. Supp. 3d 855, 896 (W.D. Pa. 2018) (dismissing an indictment with prejudice pursuant to the Defendant's motion where the "Government was willing to dismiss its own Indictment with prejudice, but it would not consent to the Court's granting of the Defendant's Motion to Dismiss. The difference between the 'cross' Motions to Dismiss Indictment is that the Defendant's Motion to Dismiss, now granted, attacks the validity of the underlying 2011 Removal Proceeding . . . . But without an adjudication of the Defendant's Motion (or the Government's concession to it), the conduct and result of the 2011 Removal Proceeding would be shielded from public examination").

**C.** **The Court Should Conduct a Hearing on June 12 to Determine the Basis for the Government's Motion to Dismiss Without Prejudice.**

In the Third Circuit, "[i]f the government fails to provide sufficient reasons [to support a Rule 48(a) dismissal], a district court may conduct a hearing to determine the reasons behind its decision." *Wecht*, 2008 WL 65605 at \*5 (*citing In re Richards*, 213 F.3d at 788–89).

The government's bare, conclusory "interest of justice" justification to dismiss, pursuant to Rule 48(a), Counts 10–16 of the Indictment is legally insufficient. *Adams*, 2025 WL 978572 at \*15–16 ("As a matter of procedure, 'the court will not be content with a mere conclusory statement by the prosecutor that dismissal is [warranted], but will require a statement of reasons and underlying factual basis.' . . . The reason for requiring the government to state its actual reasons for seeking dismissal [under Rule 48(a)] is simple: 'Since the court must exercise sound judicial discretion in considering a request for dismissal, it must have sufficient factual information supporting the recommendation.' . . . Put another way, a district court abuses its discretion if it does not articulate its reasons for granting or denying leave [under Rule 48(a)], and it cannot discharge its duties properly unless the underlying motion accurately states the government's reasons for dismissal.") (internal citations omitted).

A hearing is necessary in this instance to determine (a) the government's basis for its requested dismissal under Rule 48(a), (b) why the Government believes the dismissal should be without prejudice, and (c) whether prosecutorial misconduct has occurred (*i.e.*, whether the Government intentionally has failed to publicly acknowledge its charging error in this case in order to allow a convicted defendant to labor under a conviction that is known by the Government not to be viable).

The defense respectfully requests that a hearing on this matter could be conducted on June 12, 2025—the date already set by this Court to hear oral argument on a variety of pending motions.

16

(ECF No. 97; *see* Chambers Note (May 9, 2025)).  The Defense will otherwise be available on a date and time convenient for this Court.

<strong><u>CONCLUSION</u></strong>

For the reasons stated above, Mr. Nadarajah respectfully requests that Counts 10–16 of the Indictment charging securities manipulation under 15 U.S.C. § 78i(a)(2)—where the charged conduct is based exclusively on the trading of U.S. Treasury securities—be dismissed, with prejudice.

Mr. Nadarajah also respectfully requests that this Court conduct a hearing on June 12, 2025—or another time convenient for this Court—to determine the basis and motivations for the Government's requested dismissal, without prejudice, under Rule 48(a).

Respectfully submitted,

Dated:  May 23, 2025                    By:    */s/  William A. Burck*
                                                William A. Burck
                                                Stephen M. Hauss
                                                **QUINN EMANUEL URQUHART**
                                                **& SULLIVAN, LLP**
                                                1300 I Street NW, Suite 900
                                                Washington, DC 20005
                                                (202) 538-8000
                                                williamburck@quinnemanuel.com
                                                stephenhauss@quinnemanuel.com

                                                Julia S. Choe
                                                **QUINN EMANUEL URQUHART**
                                                **& SULLIVAN, LLP**
                                                865 South Figueroa Street, 10th Floor
                                                Los Angeles, CA 90017
                                                (213) 443-3000
                                                juliachoe@quinnemanuel.com

                                                *Counsel for Defendant*
                                                *Jeyakumar "Jack" Nadarajah*

## <u>CERTIFICATE OF SERVICE</u>

I certify under 28 U.S.C. § 1746 that on this date I caused the foregoing documents to be filed via the CM/ECF system for the U.S. District Court for the District of New Jersey, thereby effecting service on all counsel of record via electronic means.

I certify under penalty of perjury that the foregoing is true and correct. Executed in Washington, D.C. on this 23rd day of May, 2025.

*/s/ William A. Burck*
William A. Burck