

**U.S. Department of Justice**

Criminal Division

*Fraud Section*

Bond Building
1400 New York Avenue, NW
Washington, DC 20530

January 30, 2026

**Via ECF**

Honorable Claire C. Cecchi
United States District Court
District of New Jersey
Martin Luther King Building &
    United States Courthouse
50 Walnut Street, Courtroom 5B
Newark, New Jersey 07101

Re:   **United States v. Nadarajah, Case No. 23-cr-891 (D.N.J.)**

Dear Judge Cecchi,

The United States, through undersigned counsel, writes respectfully in response to the Defendant's additional letters, one of which baselessly and wrongly accused government counsel of bad faith and lack of candor to your Honor. (ECF No. 123, 127.) Considering the substantial briefing already before the Court on this issue, the United States will simply add the following:

To begin, the suggestion that the United States "pointedly avoided raising Mr. Forbes's guilty plea" with the Court during the oral argument is unfounded: the United States briefed the *Forbes* case and related arguments leading up to the hearing and *Forbes* was repeatedly highlighted over the course of this litigation by both parties. (*See* ECF No. 105.) Relatedly, the notion that the duty of candor is violated by not discussing the status of a confidential investigation into BofA Securities Inc. ("BoAS") that was irrelevant to the matter before the Court is even further afield. As much as the defense attempts to paint the *Forbes* case as the nefarious, hidden reason why the United States will not agree to dismiss charges with prejudice, that was and remains untrue. *Forbes* is not relevant to the matter before the Court because—even if the Court adopts the defense reading of the relevant statute in this case, which it should not, and dismisses those counts with prejudice—such a ruling would not disturb the *Forbes* plea for reasons briefed *prior* to the hearing. (*See* ECF No. 105.)

The same is true for the public declination of criminal charges against BoAS. Defense counsel argues, without support, that "[i]t thus appears likely that the prosecutors sought to both preserve Mr. Forbes's erroneous guilty plea and the ongoing BoAS resolution discussions by refusing to dismiss Mr. Nadarajah's charges with prejudice." (ECF No. 123 at 2.) This unfounded accusation is just the latest attempt to continue the same allegations about government counsel's motive as it relates to *Forbes*. As defense counsel no doubt knows, the declination of prosecution of BoAS was a negotiated resolution—one that resulted in part from BoAS's voluntary self-disclosure to the government and its full and proactive cooperation in the matter. The public resolution letter was signed by BoAS's

Associate General Counsel & Managing Director, who, "on behalf of BoAS, voluntarily agree[ed] and consent[ed] to the facts and conditions set forth herein." If any of defense counsel's public briefing in this case about the legality of the charges in Counts 10–16, or the *Forbes* plea specifically, was relevant or persuasive to BoAS and its sophisticated legal counsel, presumably they would not have resolved their matter with the Department when and how they did. Furthermore, the BoAS declination related to conduct of an additional uncharged individual and many other statutes aside from the one at issue in this litigation. (*See* Ex. 1.) Put simply, the litigation over whether Counts 10–16 here are dismissed with or without prejudice is as immaterial to the BoAS matter as that matter is immaterial to this one.

Defense counsel's subsequent letter regarding the six-month extension of the statute of limitations following dismissal of the counts demonstrates why the United States' original requested relief—dismissal without prejudice—is the appropriate disposition. (*See* ECF No. 127.) If the Court dismisses the counts without prejudice at this time, the Defendant's interest in finality will be achieved because the six-month period will expire prior to the scheduled trial in this case. *See* 18 U.S.C. § 3288.

The United States has and will continue to make all of its prosecutorial decisions in good faith and in the public interest. The United States has not abandoned any argument on this topic, as suggested by defense, and stands by the arguments in both its papers and raised at oral argument. As stated repeatedly, dismissal without prejudice is the norm; it remains appropriate in this case. (*See* ECF 118 at 18–19.)

Respectfully submitted,

LORINDA I. LARYEA
CHIEF, FRAUD SECTION

By:

  /s/ *Amanda F. Lingwood*
Amanda F. Lingwood, Trial Attorney
John J. Liolos, Trial Attorney
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, NW
Washington, DC 20005

cc: counsel of record via ECF